Argued and submitted December 7, 1990, reversed and remanded for new trial
June 5, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## RANDALL LEROY HARLESS,
*Appellant.*

(89CR1525; CA A63026)

812 P2d 438

Kent W. Day, North Bend, argued the cause and filed the brief for appellant.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Marianne Ghim, Certified Law Student, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals his conviction for possession of a controlled substance, ORS 475.992(4)(c),[1] asserting that his waiver of the right to counsel was not knowingly and intelligently made. We reverse.

Defendant was arraigned on a charge of first degree theft, ORS 164.005, on the morning of July 14, 1989.[2] He admits that he voluntarily waived his right to counsel at that hearing. After completion of that arraignment, the assistant district attorney informed the court that defendant was to be indicted on a drug possession charge that afternoon. Defen-

---

[1] Defendant was placed on probation for three years.

[2] This colloquy took place at the morning arraignment:

"THE COURT: Mr. Harless, you've been indicted for theft in the first degree. If convicted, you could get up to five, with a two and a half year minimum, $100,000 fine. You understand that? Your right to remain silent and right to have an attorney?

"[Defendant]: Yeah.

* * * * *

"THE COURT: Okay, I'm going to explain to you your right to an attorney. I'm not trying to talk you into one or out of one. I'm required by law to explain that. Do you plan on hiring your own attorney?

"[Defendant]: No.

"THE COURT: The attorney's purpose is to represent you and your interest only. They're legally trained and you're not, that can put you at a disadvantage. They would explain the state would have to prove that you received some property. You knew—you actually knew or actually believed that it was stolen when you received it. That you received it, sold it, disposed of it, did something anyway, knowing or actually believing that it was stolen at the time. That's what the state would have to prove. They would tell you whether you had any defenses such as you legitimately thought you were purchasing it or somebody was giving it to you as a gift and you had no idea at all, no reason to believe it wasn't stolen.

"Assuming that you did receive it, they might also—there might also be a defense that you didn't receive it in the first place. They would talk to you about that. They would explain to you whether you should or should not testify, whether you should call witnesses on your own behalf, what questions should be asked of the State's witnesses. They would negotiate the case for you if that's what you wanted them to do. They'd make statements on your behalf if you were found—found guilty or plead guilty on this matter. And they would basically do any investigation that you and they felt were necessary to present your case.

"Do you understand the purpose of an attorney?

"[Defendant]: Yep.

"THE COURT: Are you telling me you wish to waive your right to an attorney?

"[Defendant]: Yep."

dant did not object to waiting for that to happen. The indictment on the drug charge was returned, and the arraignment took place that afternoon. At that arraignment, the court addressed defendant:

"THE COURT: * * * You've been indicted for possession of methamphetamine. You could get up to five years with a two and a half year minimum, hundred thousand dollar fine, do you understand that?

"[Defendant]: Yep.

"THE COURT: All right. Did you want—I went over your right to an attorney, did you want to waive your right to an attorney in this one also?

"[Defendant]: Well, if I could talk it out with the DA I don't need an attorney. But if he won't talk to me then—

"THE COURT: He'll talk to you *if* you waive your right to an attorney. But whether or not you and he work something out that's agreeable to you is something that I can't do anything about. *If* you waive your right to an attorney he will talk to you. If you don't want to waive your right, that's fine. *But he can't talk to you if you don't waive your right.* You've waived your right under the first one.

"[Defendant]: Yeah, I'll waive.

"THE COURT: You want to waive your right to this one?

"[Defendant]: Yeah." (Emphasis supplied.)

It is apparent that defendant's waiver was premised on his desire to "talk it out with the DA" and that he could reasonably have understood that the only way he could do that would be to waive his right to counsel. Although we do not believe that the trial court intended to convey that message to defendant, it was not explained to him that, if he had counsel, the district attorney would talk to his counsel. We conclude that his waiver of his right to counsel was not knowingly and intelligently made. *State v. Verna,* 9 Or App 620, 498 P2d 793 (1972).

Reversed and remanded for a new trial.